**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOSEPH L. BAUMGARTEN, III, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-13-1446 |
| MD DIVISION OF CORRECTIONS, et al., | * | |
| Defendants | * | |

***

## MEMORANDUM

Self-represented plaintiff Joseph L. Baumgarten, III filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Defendants "Md. Division of Corrections" and K. Upshaw, by counsel, have filed a motion to dismiss, or in the alternative motion for summary judgment. ECF No. 17. Baumgarten has responded.[1] ECF No. 19. No hearing is needed to resolve the issues presented. *See* Local Rule 106.5 (D. Md. 2014). For reasons to follow defendants' motion, construed as a motion for summary judgment, IS GRANTED.

## BACKGROUND

Baumgarten, currently confined at the Western Correctional Institution, claims that while housed at the Maryland Reception and Diagnostic Center ("MRDCC") in Baltimore, Maryland, defendants hindered his religious practice. Baumgarten, who identifies himself as member of the Jewish faith, alleges that he was repeatedly denied kosher meals while housed at MRDCC and Officer Upshaw ripped the cover off of his Chumash, a religious book, stating that he was not permitted to have a hard cover book. ECF No. 1. He indicates that he requested Administrative Remedy Procedure (ARP) forms so he could complain about the lack of kosher meals but was not provided any forms. *Id*.

[1] Defendants' motions for extension of time (ECF Nos. 12 & 16 ) shall be granted nunc pro tunc.

1. **Background**

This court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That review liberally construes plaintiff's pleadings in light of the fact that he is proceeding pro se.

Baumgarten claims that on May 8, 2013, Officer Upshaw ripped the cover off of his Chumash. Plaintiff states that from the time he arrived at MRDCC until the date he signed the complaint, May 13, 2013, (approximately five days later) he was not provided a kosher meal. He indicates that he wrote to Chaplain Wallace on three occasions but presumably did not receive a timely reply.

Correctional Officer Shanae Butler avers that plaintiff requested an ARP form due to his concerns about his kosher meals. Plaintiff advised Butler that he was lactose intolerant but was served cottage cheese with his kosher meals. ECF No. 17, Ex. 1. Butler does not recall the time or date of the conversation; however, she recalls providing plaintiff an ARP form as requested. *Id*.

MRDCC's ARP Coordinator avers that plaintiff filed 33 ARPs while housed at MRDCC. *Id*., Ex. 2. Several of the ARPS concerned the denial of kosher meals. None of the ARPS concerned the destruction of the cover of his religious book. *Id*. Scott S. Oakley, Executive Director of the Inmate Grievance Office (IGO), indicates that plaintiff has not filed any grievance with the IGO. *Id*., Ex. 26.

Institutional Chaplain Christopher Wallace avers that plaintiff was approved for the kosher diet on May 13, 2013, after Wallace met with plaintiff for the interview process which is

a requirement to be approved for a religious meal. *Id*., Ex. 25. Wallace further avers that later in May of 2013, he received a request from plaintiff asking to speak with him about the kosher meal plan. Wallace again met with plaintiff who expressed his disapproval of the kosher meals he received and indicated he had been refusing the meals delivered to him. Wallace explained the religious diet agreement to plaintiff and plaintiff indicated he would voluntarily remove himself from the kosher diet. *Id*.

Standard of Review

A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See*

*Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B. Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not

himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

A. Sovereign Immunity

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, plaintiff's complaint against the "MD Division of Corrections," an agency within the State of Maryland, is

barred by the Eleventh Amendment.

B. Exhaustion

The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e.

As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F. 3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F. 3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that

> remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id*. at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F. Supp. 2d at 530; *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F. 3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Although plaintiff alleges he was not provided ARP forms, the evidence shows that during his seven month stay at MRDCC he instituted 33 ARP complaints. ECF No. 17, Ex. 3. Additionally, plaintiff concedes, in his opposition response, that he received ARP forms approximately seven days after his transfer to MRDCC. ECF No. 19. None of the ARPs filed by plaintiff concern his allegation that Upshaw destroyed his religious book. ECF No. 17, Ex. 3.

Additionally, while plaintiff instituted several complaints regarding kosher meals he did not fully exhaust his remedies as to any of those complaints. *Id*. The evidence shows that plaintiff did not file any complaints whatsoever with the IGO. *Id*., Ex. 26. He offers no explanation for his failure to institute or complete the ARP/IGO process after the allegedly brief delay in providing him ARP forms. ECF No. 19. In light of the foregoing, the court finds that plaintiff's complaint is subject to dismissal for failure to exhaust available administrative remedies.[2]

A separate Order follows.

_/s/___________________________________
Date: July 10, 2014 J. Frederick Motz
United States District Judge

[2] Even if the court reached the merits of plaintiff's claim, the claim would fail. The Free Exercise Clause of the First Amendment applies to the states by virtue of the Fourteenth Amendment. *See Employment Division v. Smith,* 494 U.S. 872, 876-77 (1990). It provides that "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. Const. Amend. I. A prisoner, however, does not enjoy the full range of freedoms as those not incarcerated; rather, state action violates a prisoner's constitutional rights if it burdens a prisoner's religious rights and is not reasonably related to a legitimate penological interest. *See Turner v. Safley,* 482 U.S. 78, 89 (1987). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987). Inmates retain a right to reasonable opportunities for free exercise of religious beliefs without concern for the possibility of punishment. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). That right is not unfettered. Prison restrictions that impact on the free exercise of religion but are related to legitimate penological objectives do not run afoul of the constitution. *See Turner*, 482 U.S. at 89-91. The test to determine if the restrictions are justified requires examination of whether there is a rational relation between the asserted governmental interest and the regulation in question. In addition, this court must examine: whether there are alternative means of exercising the right asserted; whether accommodation of the right will impact on the orderly operations of the prison; and whether readily available alternatives to the regulation would be less restrictive. *See id.*

Here, plaintiff has failed to allege, much less demonstrate, that he was not able to practice his religion. Chaplain Wallace avers that within days of plaintiff's assignment to MRDCC he was signed up for the kosher diet. Any brief delay in providing the kosher meals does not state a constitutional claim. Further, later that month plaintiff advised Wallace that he intended to voluntarily withdraw from the program. *Id*., Ex. 25. Additionally, in regard to the damage to plaintiff's religious book. Plaintiff fails to allege that the tearing of the back cover prohibited him from practicing his faith.

The tearing of the book cover, construed as a claim that property was improperly destroyed, also fails. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). Plaintiff has remedies under Maryland's Tort Claims Act and through the Inmate Grievance Office. The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).